**Application of PULLMAN CO.**

Railroad & Public Utilities Commission.

May 11, 1956.

</center>

Harold B. Wahl, Loftin & Wahl, Jacksonville, and Martin J. Rock, Chicago, for the Pullman Co.

Guyte P. McCord, Jr., Assistant General Counsel, and Roy Kearton, accountant, for the commission and the public generally.

Chairman WILBUR C. KING, commissioners JERRY W. CARTER and ALAN S. BOYD participated in the disposition of this matter.

BY THE COMMISSION.

By this proceeding the Pullman Co. seeks authority to increase by 7½% all Pullman Florida intrastate rates, fares and charges now in effect, and to establish such increased rates by means of master-table supplements to tariffs, F.R. & P.U.C. ##27, 28 and 29.

The increased Pullman rates sought to be established for Florida intrastate traffic correspond to increased rates recently established by Pullman for interstate traffic effective May 1, 1956, for intrastate traffic in 41 of the 48 states (hearings not yet having been held in a few states), and for through international trips between points in the United States and points in Canada.

The Pullman Co. was granted a 15% increase made effective on October 1, 1951 under authority of this commission's order #1721 in docket #3118-PC. There was a further increase resulting from the establishment of new minimum rates for sleeping accommodations effective October 1, 1952 by order #1827 in docket #3468-PC. There have been no further increases in Pullman rates since 1952.

The testimony of the Pullman Co. showed that system wide for the year 1955 there was an operating deficit of $17,334,066; that if yard electrical maintenance had been included another $13,282,824 would have been added. This operating deficit is made up by the railroads, and it is a matter of common knowledge that the freight traffic of the railroads bears any passenger traffic deficits. As this commission stated in its order #1872 in docket #3468-PC, hereinabove referred to — "This commission has consistently and uniformly over the years, done everything within its power consistent with public interest and welfare to help the railroads to reduce or eliminate the enormous passenger deficit that the Interstate Commerce Commission has insisted be passed on to and laid as a burden on the shippers of freight. The commission feels that it must be consistent with this policy it has followed in the past."

Futhermore, the testimony of the Pullman Co. witnesses showed that since the last rate increase in 1952 Pullman labor costs have gone up more than $12,440,000 on an annual basis and that of the above amount there has been an increase in Pullman annual labor costs of $7,170,000 since March 1, 1955. The testimony (see exhibit 4) shows that for the year 1955 the company lost on its Florida

intrastate operations approximately $94,516; that the proposed increase on Florida intrastate operations will amount to approximately $13,423 per year; that increased labor costs on a current basis will amount to approximately $15,861 per year; that even after the 7½% increase the company will lose on its Florida intrastate operations approximately $96,954 per year.

After careful and due consideration of the testimony and evidence adduced at the hearing, the commission finds that the application of the Pullman Co. for authority to establish new rates, fares and charges for sleeping and seating accommodations, for Florida intrastate trips, based on 7½% above those in effect on April 30, 1956, should be granted.

Upon consideration thereof, it is ordered that the application of the Pullman Co. of March 22, 1956, to publish and file tariff supplements therein set forth which will establish new rates, fares and charges for sleeping and seating accommodations for Florida intrastate trips based 7½% above those in effect on April 30, 1956, with disposition of fractions as therein set forth, be and the same is hereby granted. It is further ordered that the increased rates herein authorized for Pullman transportation from, to and between points in the state of Florida be and the same are hereby authorized to become effective on or after May 15, 1956.